UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

RONALD CARTER and SHIRLEY CARTER, )
                                                                        )
    **Plaintiffs,**                                )
                                         )
    v.                                        )    Case No. 2:24CV39 HEA
                                         )
**AARON FREDRICKSON, et al.,**     )
                                         )
    **Defendants.**                         )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. 18]. Plaintiffs have not responded to the Motion. For the reasons set forth below, the Motion will be granted.

### Factual Background

Plaintiffs' Amended Complaint alleges Plaintiff, Ronald Carter had a pre-existing medical condition, one of which is Very Severe Chronic Obstructive Pulmonary Disease (VSCOPD) in which his lungs do not remove the carbon monoxide from his lungs and requires oxygen to be given him. Plaintiff had a prescription from his Pulmonary Doctor for a Trelegy breathing apparatus which removes the carbon monoxide and controls his oxygen levels. Defendants' failure to provide the Trelegy breathing apparatus caused plaintiff to become unconscious, turn chalk white, dyspnea, sleep a lot, and gasp for air.

According to a long-standing custom and practice of the Shelby County jail, whether or not a detainee was provided with prescription medicine and/or medical supplies depended upon the availability of a relative to bring the prescription and/or medical supplies to the jail. If a relative did not bring the prescription or medical supplies to the jail, the jail took no additional steps to provide the medication and/or medical supplies to the detainee.

Plaintiff, Shirley Carter, was able to bring to the Shelby County jail the Trelegy breathing apparatus provided by Plaintiff, Ronald Carter's physician. The Shelby County Sheriff, his employees, and/or agents refused to allow Plaintiff, Ronald Carter the use of his Trelegy breathing apparatus.

The Shelby County Sheriff's decision was based upon a long-standing Shelby County jail practice, which left a detainee's medical treatment subject to the decision of Shelby County Sheriff Arron Fredrickson, jail supervisors and/or its employees. Defendant, Sheriff Frederickson decided that Ronald Carter would not receive his medically prescribed Trelegy breathing apparatus. Plaintiff Ronald Carter requested, on numerous occasions, his Trelegy breathing apparatus, medications, and for medical help; however, he was not provided the prescribed breathing apparatus and medications. Thus Defendant, Ronald Carters' medical condition progressively deteriorated day-by-day.

Pretrial detainees have waited in excess of 2 to 3 years before having their cases presented to a jury. Plaintiff, Ronald Carter, due to his lack of medical treatment while incarcerated and his deteriorating health condition and threats from Defendant Terry Helmick, entered a plea of guilty in Case No. 23SB-CR001971 in order to be released from jail to seek immediate medical treatment for himself. Said plea was only entered for the purpose of Plaintiff obtaining medical intervention and safety.

Defendants, and each of them, violated the Missouri Revised Statutes, Chapter 221 (Jail and Jailers) under MO Rev § 221.120 (2022).

Plaintiffs' Amended Complaint alleges seven claims, all of which are brought under 42 U.S.C. § 1983, which are: Failure to Provide Medical Care and Treatment (Count I); Failure to Supervise and Train (Count II); Assault by Presiding Commissioner, Terry Helmick (Count IV); Loss of Consortium (Count V); Failure to Provide Medical Care and Treatment Against Aaron Fredrickson In His Individual Capacity (Count VI); Failure to Supervise and Train Against Aaron Fredrickson In His Individual Capacity (Count VII). Plaintiffs name the Shelby County Sheriff Aaron Fredrickson in his individual capacity, Shelby County Presiding Commissioner Terry Helmick in his individual capacity, and Shelby County, Missouri, as Defendants.

Defendants move to dismiss Counts I, II, IV, and V of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and to strike paragraphs 19 and 54(b) as irrelevant and prejudicial. Defendants move to strike Counts VI and VII as redundant and identical to Counts I and II.

## Legal Standards

For a claim to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, but it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678. The Court must make "all reasonable inferences in favor of the nonmoving party." *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## Discussion

4

Count I of the Amended Complaint alleges Defendants were aware of Plaintiff Ronald Carter's serious medical condition (COPD) and were deliberately indifferent to it, failed to allow him his medication. Further, Plaintiffs allege the Shelby County jail failed to have Ronald examined by medical providers while he was incarcerated.

Count II alleges Defendant Fredrickson, the Sheriff of Shelby County, Missouri and "supervisory personnel" failed to supervise and train the jailer and other persons.

Count III is a claim for *Monell* liability against Defendant Shelby County.

Count IV is a claim for assault by Presiding Commissioner Terry Helmick.

Count V is a claim for loss of consortium brought by Plaintiff Shirley Carter.

Count VI is a claim for failure to provide medical care and treatment against Aaron Fredrickson in his individual capacity.

Count VII is a claim for failure to supervise and train against Defendant Aaron Fredrickson in his individual capacity.

Defendants move to dismiss Counts I and II because they do not allege any claims against Defendant Helmick, the Presiding Commissioner of Shelby County. Indeed, these counts only specifically name Defendant Aaron Fredrickson, the Sheriff, which are the same claims Plaintiffs bring in Counts VI and VII against Defendant Fredrickson in his individual capacity. As such, Counts I and II will be

5

dismissed and the claims against Defendant Frederickson in his individual capacity, Counts VI and VII will remain.

As Defendants correctly argue, "Section 1983 is intended to remedy egregious conduct, and not every assault or battery which violates state law will create liability under it." *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999). "While a plaintiff may seek redress and win damages under state law for any unwanted touching under the common law of battery, the federal remedies under Section 1983 are directed against more egregious conduct." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) (citing *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir. 1973)). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." "[W]hile the common law may provide a cause of action for assault when there is no contact at all, and even for some offensive words under the law of defamation, § 1983 does not duplicate the common law in these areas. *Burton*, 791 F.2d at 99.

Count V attempts to state a claim for loss of consortium on behalf of Plaintiff Shirley Carter. Under 42 U.S.C. § 1983, a claim must arise under the constitution or the laws of the United States. A loss of consortium claim does not fall within the perimeters of Section 1983. As it is brought, it must be dismissed.

6

Plaintiffs failed to respond to the Motion to Dismiss, and therefore have not addressed any of Defendants' arguments. Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments. *Bey v. Poettker Constr.*, No. 4:23CV911 HEA, 2024 WL 2831083, at *2 (E.D. Mo. June 4, 2024) *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023); *Little v. United States Dep't of Def.*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at *3 (E.D. Mo. May 2, 2022); see also *Ursery v. Federal Drug Enforcement Admin.*, No. 4:12CV1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014) (collecting cases).

As Plaintiff does not contest the Motion to Dismiss, the Court considers it conceded.

## Conclusion

As discussed, Defendants' Motion is well taken and will be granted as set forth below.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count I, II, IV, V, of Plaintiff's Amended Complaint, [Doc. No. 18], is **GRANTED.**

**IT IS FURTHER ORDERED** that Counts III, VI, and VIII of the

7

Amended Complaint remain.

Dated this 15th day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE